## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **WILLIE HENRY, JR.** | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 2:12-CV-174** |
| | § | |
| **PILGRIM'S PRIDE CORPORATION** | § | |
| *Defendant* | § | |

### PLAINTIFF'S ORIGINAL  COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **Willie Henry, Jr.** (hereinafter "Plaintiff"), Plaintiff in the above referenced cause, and makes, files and serves his Original Complaint against Pilgrim's Pride Corporation, (hereinafter "Pilgrim's"), Defendant, and for cause would show the following:

### A.

### Parties

1.      Plaintiff is Willie Henry, Jr., is an individual who resides in and is a citizen of the State of Texas.

2.      Defendant, Pilgrim's Pride Corporation, is a foreign corporation doing business in the State of Texas. Pilgrim's may be served with process by serving its registered agent, Corporation Service Company, d/b/a CSC-Lawyers, Inc., at 211 E. 7th Street, Ste. 620, Austin, Texas 78701.

### B.

### Jurisdiction

3.      The Court has jurisdiction over the lawsuit because the action arises under Title VII, 42 U.S.C. §2000e *et seq*. The Plaintiff is an African American male, and was wrongfully

discriminated against, retaliated upon for reporting said discrimination, and constructively

terminated by Defendant. Plaintiff was competent and qualified to do his job.

**C.**

**Venue**

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to this claim occurred in this district, and Pilgrim's has

offices/branches in the Marshall Division of the Eastern District of Texas.

**D.**

**Exhaustion of Administrative Remedies**

5.      Plaintiff timely filed with the Equal Employment Opportunity Commission

("EEOC") a charge of discrimination against the Defendant. Plaintiff filed this complaint within

90 days after receiving a notice of the right to sue from the EEOC. A copy of the Notice of the

Right to Sue is attached as Exhibit "A".

**E.**

**Factual Background**

6.      Willie Henry, Jr. began employment with Pilgrim's at their location in Lufkin,

Texas, in October, 2011.

7.      Mr. Henry was originally hired to work the Production Back Dock, and did work

that position for approximately three (3) months before being promoted to Maintenance

Mechanic.

8.      Around December, 2013, a position became open for Lead Maintenance

Mechanic – Nightshift. This position was not posted.  Mr. Henry was not given the position, and

in fact, it was given to a Hispanic male.  Mr. Henry's supervisor at the time was Joey Gardenia.

9.      After the Lead Maintenance Mechanic – Nightshift position was given to the other Hispanic male, Mr. Henry was told by his Supervisor to train this individual.

10.     Mr. Henry's supervisor, told Mr. Henry that he "Didn't like black people."  This statement was one of a long and varied number of discriminatory statements made by Mr. Gardenia.  Mr. Gardenia also repeatedly told Mr. Henry that he was "stupid", and was going to make sure that he went back to production or was fired.

11.     These discriminatory statements were then put into action when Mr. Henry's Supervisor gave him the worst jobs in the maintenance department, and ultimately had him demoted to the Back Dock.

12.     Mr. Henry reported the discriminatory acts to Pilgrim's Human Resources, who failed to act.

13.     Following Human Resources' failure to act, Mr. Henry reported the discriminatory acts to Art in Human Resources; David Keith, Plant Manager; and, Chris Cryer, General Manager.  No action was taken, and the discriminatory practices continued.

14.  Following Mr. Henry's reporting of the aforementioned discriminatory acts, representatives and agents of Pilgrim's retaliated against him by demoting him to the Back Door Department.

15.     Following Mr. Henry's demotion to the Back Door Department it became clear that the discriminatory practices were not going to cease, nor change, and he was forced to leave employment with Pilgrim's.

**F.**

**Discrimination Under Title VII**

16.      Plaintiff was an employee within the meaning of Title VII and was protected under Title VII because he is African American.

17.      Defendant is an employer within the meaning of Title VII.

18.      Defendant intentionally discriminated against Plaintiff because of his color, and race. Based on the aforestated facts in Section E, Defendant's acts constitute discrimination under Title VII, 42 U.S.C. § 2000e-2.

**H.**

**Damages**

19.      As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

a.      Plaintiff was constructively discharged from his employment with Defendant.

b.      Plaintiff seeks compensation for all past lost wages and benefits. Reinstatement of Plaintiff in his previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of future lost wages and benefits.

c.      Plaintiff is entitled to pre-judgment interest on lost wages and benefits and post-judgment interest on all sums, including attorney's fees.

d.      Defendant's conduct was an intentional and willful violation of Title VII. Plaintiff is entitled to an award of punitive damages.

## I.

### Attorney's Fees

20.     Plaintiff was forced to engage counsel to protect his rights. Plaintiff is entitled to an award of attorney's fees and costs under Title VII.

## J.

### Jury Demand

21.     Plaintiff seeks a jury trial on all issues of fact herein.

## K.

### Prayer

22.     For the reasons stated herein, Plaintiff prays for compensation for all past and future lost wages and benefits, punitive damages under Title VII, costs of suit, reasonable attorney's fees, and all other relief the court deems appropriate.

Respectfully submitted,

**Skelton Slusher Barnhill Watkins Wells, PLLC**
1616 S. Chestnut
Lufkin, Texas 75901
(936) 632-2300
Fax: (936) 632-6545


By: */s/ Brent L. Watkins*
Brent L. Watkins
State Bar No. 24033312
Scott C. Skelton
State Bar No. 00784979
***Attorneys for Plaintiff***